IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| DAVID WADE | § |
| VS. | §   CIVIL ACTION NO. 1:05cv224 |
| NIGEL COLLINS, ET AL. | § |

<u>MEMORANDUM OPINION REGARDING VENUE</u>

Plaintiff David Wade, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this lawsuit against Nigel Collins, Eric Raskin, David Tyler, and Rose Ann Adolfi, all employees of Ring Magazine located in Marion, Ohio.

<u>Factual Background</u>

Plaintiff filed this lawsuit alleging that he mailed to the defendants money for a two year subscription to Ring magazine. Plaintiff claims, however, that he has not received his magazines.

<u>Analysis</u>

*Jurisdiction and Venue*

Plaintiff's allegations fail to set forth a federal question. Plaintiff's complaint, liberally construed, is interpreted as asserting jurisdiction based on diversity of citizenship.

When jurisdiction is founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any

defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

All of the defendants in this action reside in Marion, Ohio. Further, the acts or omissions giving rise to the claim occurred in Ohio. Marion, Ohio is located in Marion County. Pursuant to 28 U.S.C. § 115, Marion County is located in the Western Division of the Northern District of Ohio. As Marion County is located in the Northern District of Ohio, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be transferred to the Northern District of Ohio. An appropriate order so providing will be entered by the undersigned.

**SIGNED this the 18th day of May, 2005.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE